In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-2167
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,

 v.

THOMAS VIVIRITO,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 19 CR 728 — Virginia M. Kendall, Judge.
 ____________________

 ARGUED FEBRUARY 28, 2023 — DECIDED APRIL 13, 2023
 ____________________

 Before EASTERBROOK, WOOD, and ST. EVE, Circuit Judges.
 EASTERBROOK, Circuit Judge. Thomas Vivirito solicited sex-
ual images and videos from young girls. One of them, called
Minor A in this litigation, was 12 at the time. When Minor A
expressed reluctance to provide videos, Vivirito threatened to
expose their sexual text exchanges unless she complied. He
also threatened to kill himself. That prompted Minor A to
send Vivirito videos of herself penetrating her vagina and
anus with the handle of a hairbrush.
2 No. 22-2167

 Vivirito pleaded guilty to receiving child pornography, 18
U.S.C. §2252A(a)(2)(A), and was sentenced to 216 months’ im-
prisonment. When calculating the oﬀense level under the Sen-
tencing Guidelines, the district judge added four based on a
conclusion that the videos of Minor A portray “sadistic or
masochistic” conduct. U.S.S.G. §2G2.1(b)(4)(A). Neither the
Guideline nor the accompanying commentary deﬁnes those
words. We held in United States v. Johnson, 784 F.3d 1070 (7th
Cir. 2015), that, under an objective standard, pictures of a mi-
nor penetrating her vagina with the handle of a screwdriver
qualify for this enhancement. Vivirito asks us to distinguish
hairbrushes from screwdrivers on the ground that young girls
often use hairbrushes, while they view screwdrivers as tools
that do not belong in bedrooms or body cavities. The district
judge was not persuaded by this proposed distinction.
 According to Vivirito, because “sadistic or masochistic” is
a legal phrase (at least as it appears in the Guidelines), a court
of appeals must make an independent decision whether
screwdrivers and hairbrushes should be treated identically.
Yet judicial decisions applying the Guidelines to particular
facts normally receive deferential appellate review, see United
States v. Ford, 22 F.4th 687, 691 (7th Cir. 2022). The meaning of
“sadistic or masochistic” is a question of law, perhaps best re-
solved by consulting Les 120 journées de Sodome, ou l’École du
libertinage and other works of the Marquis de Sade, but how
facts are classiﬁed under any given standard is what lawyers
call a “mixed question of law and fact.” A district judge’s han-
dling of a mixed question usually is reviewed deferentially,
even when that decision resolves the ultimate issue in a case.
See, e.g., Pullman-Standard v. Swint, 456 U.S. 273 (1982); Icicle
Seafoods, Inc. v. Worthington, 475 U.S. 709 (1986).
No. 22-2167 3

 U.S. Bank N.A. v. Village at Lakeridge, LLC, 138 S. Ct. 960,
966–68 (2018), tells us that mixed questions should be handled
deferentially on appeal when the principal issue concerns
fact-speciﬁc application of a legal rule, while the appellate
court should make an independent decision when ﬁxing the
rule’s meaning to establish a precedent. By that standard, our
review today is deferential. The legal rule comes from the
Guidelines, as understood in Johnson; how that rule applies to
every item that can be found in a bedroom, toolbox, kitchen,
den, or dungeon concerns case-by-case implementation.
 The district judge did not commit clear error or abuse her
discretion in ﬁnding that these videos depict sadistic or mas-
ochistic conduct. A district judge need not decide whether a
given incident actually was painful or could have caused
long-term injury, because much sadomasochism harms the
psyche rather than the body. The district judge was entitled
to take mental harm into account. That is enough to resolve
this case.
 AFFIRMED